IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AVERY J. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV 14-50-H-JTJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

**I. Synopsis**

After judicial review by the undersigned, Mr. Williams's case was remanded to the Commissioner of Social Security for reconsideration of the Commissioner's denial of Mr. Williams's first application for benefits in light of the Commissioner's November 25, 2014 favorable determination on Mr. Williams's second application for benefits. (Doc. 32.) Mr. Williams now requests attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 34.) Mr. Williams is entitled to attorney's fees by statute. However, he is not entitled to the amount requested because the attorney hours spent on the case were not reasonable. Mr. Williams will be awarded $7,587.96 in fees.

1

## II. Jurisdiction and Venue

The District Court has jurisdiction under 42 U.S.C. § 405(g). This case is assigned to the undersigned by consent of the parties. (Doc. 12.) Venue is proper in the Helena Division of the District of Montana because Mr. Williams resides in Lewis and Clark County, Montana. 28 U.S.C. § 1391(e); Local Rule 1.2(c)(3).

## III. Status

On July 27, 2015, the Court remanded the case to the Commissioner for further consideration. (Doc. 32.) Mr. Williams filed an Motion for Attorney Fees under the EAJA on October 26, 2015. (Doc. 34.) The Commissioner opposes Mr. Williams's motion, arguing the number of hours expended on this matter by Mr. Williams's counsel is unreasonable. (Doc. 36.) The motion is fully briefed. (Docs. 34, 36-37.)

## IV. Standards

**EAJA**

The EAJA provides for an award of attorney's fees to a prevailing party (other than the United States), unless the position of the United States was substantially justified or other circumstances make the award of attorney's fees unjust. 28 U.S.C. § 2412(d)(1)(A). The position of the government can be substantially justified even if it was not correct. *Pierce v. Underwood*, 487 U.S.

552, 556 n. 2 (1988). A position is substantially justified if it has a "reasonable basis in both law and fact." *Id*. at 555. The government "need not show it had a substantial likelihood of prevailing." *Petition of Hill*, 775 F.2d 1037, 1042 (9th Cir. 1985).

"The government's decision must be substantially justified at each stage of the proceedings." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (citing *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)). When the Administrative Law Judge's (ALJ's) decision was reversed on the basis of a procedural error, the question is whether the Commissioner's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified. *Id*. "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)). "It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." *Id*.

**Lodestar**

The proper method of calculating an award of attorney's fees is the "lodestar" method. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.

3

1996). The "lodestar" method multiplies the hours reasonably expended by the prevailing party on the litigation by a reasonable hourly rate. *Id.* That total can then be adjusted if warranted under the circumstances of the case. *Id.*

**Billing rates**

An attorney's hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The party seeking fees has the burden of proving the reasonableness of the claimed rates. *Id.* Rates must be based on the attorney's "experience, skill, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*.

**Reasonable hours**

The party seeking fees bears the burden of submitting detailed time records justifying the hours claimed. *Chalmers*, 796 F.2d at 1210. Contemporaneous records of hours worked are preferred in the Ninth Circuit. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

In *Hensley*, the United States Supreme Court explained:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee

4

submission.

461 U.S. at 434 (internal citations omitted).

The Court may credit that party with fewer hours if the time claimed is "excessive, redundant, or otherwise unnecessary." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). Some cases indicate that in Social Security disability cases, compensated hours generally range from 20 to 40 hours. *DiGennaro v. Bowen*, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 and n. 2 (C.D. Cal. 2000) (finding 33.75 hours claimed to be spent reasonable and noting in general approved range of 20 to 46 hours for services performed before district court); *Bunn v. Bowen*, 637 F.Supp. 464, 470 (E.D.N.C. 1986) (stating that never before had 51 hours of compensable time been claimed before it in social security cases).

## V. Facts

On March 10, 2011, Mr. Williams applied for disability benefits and supplemental security income. (Tr. 197-209.) The Administration denied his claim on November 9, 2011. (Tr. 80-92.) Upon reconsideration, the Administration affirmed its denial of Mr. Williams's claim on March 1, 2012. (Tr. 108-20.)

On March 26, 2012, Mr. Williams requested a hearing with an ALJ. (Tr.

146-47.) The ALJ conducted a video hearing on December 12, 2012. (Tr. 40-77.) Mr. Williams was present at the hearing with counsel and testified on his own behalf. *Id.* On January 31, 2013, the ALJ determined Mr. Williams did not qualify for benefits. (Tr. 25-34.) On March 25, 2013, Mr. Williams requested the Social Security Administration Appeals Council (Appeals Council) review the ALJ's determination. (Tr. 15.) On May 30, 2014, the Appeals Council denied Mr. Williams's request, making the ALJ's determination the final decision of the Commissioner. (Tr. 1-4.)

On June 12, 2014, Mr. Williams filed a second application for disability benefits and supplemental security income, in which he alleged a disability onset date of January 31, 2013. (Doc. 24 at 1.) The Commissioner granted Mr. Williams's second application on November 25, 2014, finding that he met listing 12.04-C2 for Affective Disorders and that he was disabled as of March 1, 2014. *Id.* at 7-8.

Mr. Williams sought judicial review of the Commissioner's decision. (Doc. 1.) This Court concluded: (1) the Commissioner's determination that Mr. Williams engaged in substantial gainful activity after filing his application for benefits was not supported by substantial evidence; and (2) Mr. Williams presented new and material evidence. Therefore, the Court reversed and remanded the case to the

Commissioner to reconsider her denial of Mr. Williams's first application of benefits in light of the Commissioner's November 25, 2014 favorable determination on Mr. Williams's second application for benefits. (Doc. 32.)

Mr. Williams requests an award of attorney's fees totaling $10,433.16 (2 hours at $190.06 per hour and 53 hours at $189.68 per hour). (Doc. 34.)

### VI. Analysis

This analysis consists of three steps. First, the Court must determine if Mr. Williams is entitled to costs and fees. If so, the Court must calculate the lodestar rate. Finally, the Court must determine if it is appropriate to adjust the lodestar rate upward or downward.

### A.     Plaintiff is entitled to fees.

In the present case, Mr. Williams prevailed. *Podgorney v. Barnhart*, 207 Fed.Appx. 827,. 829 (9th Cir. 2006) (citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("It is settled law that a claimant who receives a remand under sentence four is a prevailing party for EAJA purposes."). The Commissioner concedes that because of the ALJ's procedural errors, the government's position was not substantially justified. The Commissioner does not object to Mr. Williams's request for fees on these grounds.

(Doc. 36 at 2.) Thus, Mr. Williams is entitled to fees.

### B. Lodestar rate

The lodestar rate is the product of the hours reasonably expended multiplied by the reasonable hourly rate.

#### i. Reasonable hours

Mr. Williams's attorney submitted records of the hours worked on this case. (Doc. 34-1.) Mr. Williams's attorney claimed 55 hours of work, including 4 hours drafting a motion to remand, 33 hours on the opening brief, and 12 hours on the reply brief. Mr. Williams established through these records that his attorney did, in fact, work the hours claimed.

The Commissioner argues the 55 hours for which Mr. Williams's counsel seeks to recover is excessive. The Court agrees. The Court has reviewed counsel's itemized statement of time spent and finds that the 55 hours for which Mr. Williams seeks to recover fees is excessive. Although Mr. Williams prevailed and the administrative record was slightly longer than average (842 pages), the legal issues were not complex or unusual. Mr. Williams's attorney has significant experience representing claimants on Social Security appeals. (Doc. 34-1 at 2-3.) In view of counsel's significant experience, and the fact that the issues in this case were not particularly complex, some of counsel's itemized time is excessive. For

example, counsel spent a total of 33 hours preparing an opening brief that raised 12 issues, only two of which were dispositive and addressed by the Court. (Docs. 32, 34-1.)

For these reasons, the Court concludes that the hours for which Mr. Williams's counsel seeks attorney's fees should be reduced from 55 hours to 40 hours.

### ii. Reasonable rate

The hourly rate requested is reasonable. Attorney Russell A. LaVigne, Jr., merits $189.68 and $190.06 per hour. The Commissioner does not dispute that the rate is reasonable.

### iii. Lodestar total

Using the figure recommended above, the lodestar calculation is as follows:

| | |
|---|---|
| Russell A. LaVigne, Jr.: | 2 hours reasonably worked multiplied by $190.06 per hour + 38 hours reasonably worked multiplied by $189.68 per hour = **$7,587.96** |

### C. No adjustment of the fees is appropriate

The lodestar rate accurately reflects the reasonable time spent on this case by Mr. Williams's attorney and fairly appraises his hourly rate. No adjustment is appropriate.

### VII. Conclusion

Mr. Williams is entitled to attorney's fees because the government's position was not substantially justified.

Therefore, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees under the EAJA (Doc. 34) is **GRANTED** in the amount of $7,587.96.

Dated the 16th day of November, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge